# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

GIBSON GUITAR CORP.          )
                                     )
v.                                  ) NO. 3:05-0523
                                   ) JUDGE CAMPBELL
ELDERLY INSTRUMENTS, INC.        )

## MEMORANDUM

Pending before the Court, among other things, is Defendant's Motion for an Order to Stay Proceedings Pending Arbitration (Docket No. 147). For the reasons stated herein, Defendant's Motion is DENIED.

Defendant contends, for the second time in this litigation, that Plaintiff's claims fall within the arbitration provisions of the two agreements between the parties. See also Docket No. 22 (Defendant's Motion to Dismiss/Motion for Stay).[1] The Court need not determine whether this controversy falls within the arbitration provisions of the parties' agreement because the Court finds that Defendant has waived its right to compel arbitration under the circumstances of this case.

An agreement to arbitrate may be waived by the actions of a party which are completely inconsistent with any reliance thereon. Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc., 350 F.3d 568, 573 (6th Cir. 2003). A party may waive its contractual right to arbitration as it can waive any other contractual provision. Uwaydah v. Van Wert County Hospital, 246 F.Supp. 2d 808, 810 (N.D. Ohio 2002). "A litigant may waive its right to invoke the Federal

---

[1] Defendant's previous Motion to Dismiss/Motion to Stay was granted as unopposed (Docket No. 26) and then, in response to Plaintiff's Motion to Alter or Amend (Docket No. 28), the Motion to Dismiss/Motion to Stay was denied. Docket No. 32.

Arbitration Act by so substantially utilizing the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay." Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc., 817 F.2d 250, 252 (4th Cir. 1987).[2]

Whether a party has waived its right to arbitration by its conduct is a purely legal question which the district courts have broad discretion in deciding. Creative Telecommunications, Inc. v. Breeden, 120 F.Supp. 2d 1225, 1232 (D. Hawaii 1999). A party seeking to prove a waiver of the right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts. Pritchard v. Dent Wizard International Corp., 275 F.Supp. 2d 903, 917 (S.D. Ohio 2003); Snelling and Snelling, Inc. v. Reynolds, 140 F.Supp. 2d 1314, 1321 (M.D. Fla. 2001). Courts have recognized prejudice as a substantial, even if not entirely dispositive, factor in determining whether the right to arbitrate has been waived. Uwaydah, 246 F.Supp. 2d at 812 (and cases cited therein).

Although waiver is not to be lightly inferred, courts have consistently held that a party may implicitly waive its right to arbitrate by engaging in litigation. Uwaydah, 246 F.Supp. 2d at 810; Goldsmith v. Pinez, 84 F.Supp. 2d 228, 231-32 (D. Mass. 2000). A substantial invocation of the litigation process that is combined with forcing the opposing party to litigate issues in the case which could have been alleviated through arbitration is a sufficient finding of prejudice to constitute a waiver. Snelling, 140 F.Supp. 2d at 1322.

---

[2] Neither party has asserted that this issue is governed by the Federal Arbitration Act ("FAA"). See Southern Systems, Inc. v. Torrid Oven Ltd., 105 F.Supp. 2d 848 (W.D. Tenn. 2000) and Doctor's Associates, Inc. v. Distajo, 107 F.3d 126 (2d Cir. 1997). In any event, for the reasons stated herein, the Court finds that Defendant has waived its right to insist on arbitration under the FAA.

2

This case has been pending since July 5, 2005. Although Defendant did file a Motion to Dismiss/Motion to Stay early in the litigation, based in part on the arbitration provisions of the agreements, the Motion to Dismiss was denied on October 11, 2005 (Docket No. 32), and Defendant never renewed its Motion to Stay. Instead, Defendant has participated fully in this litigation, including attending case management conferences, agreeing to scheduling orders, filing counterclaims and motions, and participating in substantial discovery, both written and depositions. Defendant has also asked the Court to grant summary judgment in its favor.

This action is set for trial on January 9, 2007. The discovery and dispositive motion deadlines have passed, and two summary judgment motions are pending before the Court. Plaintiff has devoted substantial amounts of time, effort and money in prosecuting this action, while Defendant has been able to use the Federal Rules of Civil Procedure to conduct discovery which would likely have been unavailable in the arbitration forum. The discovery disputes in this case have been unusually contentious, resulting in substantial expenditures of both time and money.

The Sixth Circuit Court of Appeals has noted that the policy Congress intended to effectuate through arbitration was to avoid the unnecessary expense and delay of litigation where parties had provided for the more efficient process of arbitration. Uwayduh, 246 F.Supp. 2d at 810 (citing Liskey v. Oppenheimer & Co., Inc., 717 F.2d 314, 319 (6th Cir. 1983)). Both the parties and the Court have expended much time and substantial resources on this matter for the past sixteen months. As was true in Uwayduh, this case is on the brink of resolution either by dispositive motion or trial. Forcing arbitration at this point would result in further delay, increased expense and substantial prejudice to Plaintiff, who has prosecuted this action to eight weeks before trial.

For all these reasons, Defendant's Motion for an Order to Stay Proceedings Pending Arbitration (Docket No. 147) is DENIED.

IT IS SO ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

4